OPINION
The parties were married on July 20, 1974, and the marriage was terminated by an agreed entry on February 7, 1995. The parties had three children, and the parties agreed to shared parenting, with the children spending sixty percent of their time with appellee, Judith Perdue Hubin, and forty percent of their time with appellant, Donald Clayton Hubin. The child support guideline indicated appellant's child support obligation was $261.61 per month per child, or a total of $784.83 per month. The parties agreed that appellant was unable to meet that obligation so they agreed to $150 per month per child, for a total of $450 per month. That figure represents a 42.66% deviation in appellant's child support obligation. Appellant also paid $200 per month in spousal support.
On October 30, 1997, the Franklin County Child Support Enforcement Agency ("FCCSEA") found that the oldest child was emancipated. Child support continued at $150 per month per child for the two unemancipated children until June 30, 1998, when FCCSEA filed an Administrative Modification Hearing Decision recommending that child support be modified to $358.85 per month per child, for a total of $717.70, plus processing charge, per month, effective May 1, 1998. Appellant filed objections.
A hearing was held before a magistrate upon appellant's objections. The magistrate found that both parents should be designated as residential parents under the shared parenting plan. The magistrate determined that there is no significant difference in the amount of money that either parent spends on the unemancipated children. The children continue to spend sixty percent of their time with appellee, and forty percent of their time with appellant. The magistrate deviated from the child support guidelines and ordered appellant to pay $207.77 per child for a total of $415.54 per month, rather than the guideline amount of $362.34 per child, which was the same percentage (42.66%) deviation as previously agreed to by the parties. The magistrate also held that spousal support received by an obligee from an obligor who is a party to the proceeding is excluded as gross income for the obligee, and spousal support paid by an obligor who is a party to the proceeding is included in that person's income for purposes of child support.
Appellant filed objections to the magistrate's decision, which the trial court overruled and the court adopted the magistrate's decision. Appellant filed a notice of appeal and raises the following assignments of error:
 I. THE TRIAL COURT ERRED IN DETERMINING THE APPELLEE-MOTHER'S INCOME FOR THE PURPOSE OF CALCULATING PRESUMPTIVE CHILD SUPPORT WHEN IT FAILED TO INCLUDE IN THE APPELLEE-MOTHER'S INCOME THE SPOUSAL SUPPORT RECEIVED FROM THE APPELLANT-FATHER BY THE APPELLEE-MOTHER.
 II. THE TRIAL COURT ERRED IN DETERMINING THE APPELLANT-FATHER'S INCOME FOR THE PURPOSE OF CALCULATING PRESUMPTIVE CHILD SUPPORT WHEN IT FAILED TO DEDUCT FROM THE APPELLANT-FATHER'S INCOME THE SPOUSAL SUPPORT PAID BY THE APPELLANT-FATHER TO THE APPELLEE-MOTHER.
 III. THE TRIAL COURT ERRED WHEN IT FAILED TO APPLY R.C. 3113.215(B)(6)(a), AND INSTEAD APPLIED R.C. 3113.215(C), IN DETERMINING EACH PARTY'S PRESUMPTIVE CHILD SUPPORT OBLIGATION.
 IV. THE TRIAL COURT ERRED IN GRANTING THE APPELLEE-MOTHER A DEVIATION FROM HER PRESUMPTIVE CHILD SUPPORT OBLIGATION WITHOUT: FIRST, DETERMINING THAT THE PRESUMPTIVE CHILD SUPPORT OBLIGATION WOULD BE UNJUST OR INAPPROPRIATE TO THE CHILDREN OR PARENT; SECOND, DETERMINING THAT THE PRESUMPTIVE CHILD SUPPORT OBLIGATION WOULD NOT BE IN THE BEST INTEREST OF THE CHILDREN; AND THIRD, MAKING, AND ENTERING IN ITS JOURNAL, FINDINGS OF FACT IN SUPPORT OF THESE DETERMINATIONS.
Initially, we note that appellee failed to file a brief. As a result, we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).
The first two assignments of error are related and shall be addressed together. Appellant contends that the trial court erred in calculating the respective gross incomes of the parties for the purpose of calculating child support because the court failed to include the spousal support he pays to appellee in appellee's income and failed to deduct it from his income. "Gross income" is defined in R.C. 3113.215(A)(2) as:
 (2) "Gross income" means, except as excluded in this division, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes, but is not limited to * * * spousal support actually received from a person not a party to the support proceeding for which actual gross income is being determined * * *.
This provision provides that "gross income" includes spousal support received but only those payments received from a person not a party to the proceeding. See Birath v. Birath (July 20, 1993), Franklin App. No. 92AP-1603, unreported.
This court also addressed this issue in Bailey v. Bailey
(Sept. 22, 1992), Franklin App. No. 92AP-446, unreported. InBailey, this court quoted the trial court, as follows:
 * * * Plaintiff's income should not be reduced by the amount of spousal support he pays to Defendant. Admittedly, the statutes conflict regarding the treatment of spousal support between parties to a support proceeding. R.C. 3113.215(A)(2) defines gross income to include spousal support actually received from a person not a party to the support proceeding for which actual gross income is being determined. Therefore, spousal support is not income to Defendant. Line 9 on the sole residential parent worksheet contained in R.C. 3113.215(E) permits the payor to deduct court-ordered spousal support paid to a former spouse from his income, and contains no language limiting the deductibility if the payee is a party to the support proceeding for which gross income is being determined. To deduct the amount of spousal support paid from the income of Plaintiff while not including it as income to Defendant reduces the amount of child support and penalizes the child. Also, such an interpretation requires one calculation prior to the final divorce and a different calculation following the divorce, and could require immediate modification of the child support order pursuant to R.C. 3113.215(B)(4). A more equitable result would occur if the amount of spousal support is deducted from the income of the payor while being included as income to the payee, thereby reflecting the disposable income of each party. However, such an interpretation is precluded by R.C. 3113.215(A)(2). In view of the statutory conflict, the court finds that the referee correctly calculated the amount of child support by not deducting the amount of spousal support from Plaintiff's income, and not including it in Defendant's income."
Other courts have reached the same result. See Matrka v. Matrka
(1995), 100 Ohio App.3d 161, 165; Paulus v. Paulus (1994),95 Ohio App.3d 612, 613-616; Parzynski v. Parzynski (1992),85 Ohio App.3d 423, 432-435; Ruttmann v. Ruttmann (Sept. 28, 1995), Wyandot App. No. 16-95-2, unreported; Bolen v. Bolen (June 5, 1995), Hancock App. No. 5-94-39, unreported.
Appellant argues that this result violates the equal protection clauses of the Ohio and United States Constitutions because it creates two classes of parents who receive spousal support: (1) parents who receive spousal support from a non-party and have their spousal support included in their incomes for child support purposes; and (2) parents who receive spousal support from a party and do not have their spousal support included in their income for child support purposes. However, this argument was rejected in Parzynski. The equal protection clauses required similarly situated classes to be treated equally. Here, the classes are not similarly situated because one involves a person who is not a party to the proceeding. Thus, there is no equal protection violation.
Appellant's first and second assignments of error are not well-taken.
The third and fourth assignments of error are also related and shall be addressed together. Appellant contends that the trial court erred in its calculation of child support when it completed the child support worksheet. The first error is that the trial court designated appellee as the residential parent and legal custodian. The parties have a shared parenting agreement and, pursuant to R.C. 3109.04(K)(6), in a shared parenting case, each parent is a residential parent and legal custodian. The trial court compounded this error, appellant argues, when it determined the actual annual obligation of each party.
To determine each party's actual annual obligation, a court follows the directions on the child support worksheet (in this case, R.C. 3113.215[E]) through line twenty-four. Here, the trial court determined appellant's actual annual obligation as $8,696 and appellee's as $7,000. Appellant argues that the trial court erred and applied R.C. 3113.215(C), rather than R.C.3113.215(B)(6)(a), because the trial court ordered no child support for appellee. R.C. 3113.215(C) provides, as follows:
 (C) Except when the parents have split parental rights and responsibilities, a parent's child support obligation for a child for whom the parent is the residential parent and legal custodian shall be presumed to be spent on that child and shall not become part of a child support order, and a parent's child support obligation for a child for whom the parent is not the residential parent and legal custodian shall become part of a child support order. * * *
Appellant contends that the trial court applied R.C. 3113.215(C) and presumed that appellee's actual annual obligation would be spent directly on the children and she had no obligation to pay appellant any child support because, in essence, the trial court designated appellee's actual annual obligation as $0 rather than $7,000. Appellant argues that the trial court should have applied R.C. 3113.215(B)(6)(a), which provides, as follows:
 (6)(a) If the court issues a shared parenting order in accordance with section 3109.04 of the Revised Code, the court shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in division (E) of this section, through line 24, except that, if the application of the schedule and the worksheet, through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B)(3) of this section, the court may deviate from the amount of child support that would be ordered in accordance with the schedule and worksheet, through line 24, shall consider those extraordinary circumstances and other factors or criteria if it deviates from that amount, and shall enter in the journal the amount of child support calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet, through line 24, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination.
Appellant argues that the trial court should have offset appellee's actual annual obligation against appellant's obligation; that is, the court should have reduced appellant's obligation of $8,696, less appellee's obligation of $7,000, so that appellant's total obligation would be $1,696 rather than $8,696. Appellant relies upon several cases to support this argument. See Luke v. Luke (Feb. 20, 1998), Lake App. No. 97-L-044, unreported; Weinberger v. Weinberger (May 15, 1998), Hamilton App. No. C-970552, unreported; Congdon v. Congdon (Nov. 13, 1998), Hamilton App. No. C-971002, unreported; and Beard v.Beard (Sept. 25, 1998), Portage App. No. 97-P-0109, unreported.
A trial court's modification of a prior child support order is within the broad discretion of the trial court and will not be disturbed absent an abuse of discretion. Pauly v. Pauly
(1997), 80 Ohio St.3d 386, 390. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. R.C. 3113.215 governs procedures for awarding and calculating child support. Its provisions are mandatory in nature and must be followed literally and technically in all material respects because the overriding concern of R.C. 3113.215 is the best interest of the child for whom the support is being awarded.Marker v. Grimm (1992), 65 Ohio St.3d 139, 141-142. When a shared parenting plan is involved, the calculation of child support must be made in accordance with the basic child support schedule and the applicable model worksheet in R.C. 3113.215(E). R.C. 3113.215(B)(6). If the trial court makes the proper calculations on the applicable worksheet, the amount shown is "rebuttably presumed" to be the correct amount of child support due. R.C. 3113.215(B)(1).
The trial court determined, pursuant to Pauly, that R.C.3113.215(B)(6)(a) is the appropriate provision to determine child support in a shared parenting situation, rather than R.C.3113.215(C). The trial court also determined, pursuant to Pauly, that an automatic "setoff" is inappropriate in a shared parenting situation. Thus, rather than an automatic credit, R.C.3113.215(B)(3) permits a court to make a case-by-case evaluation and deviate from the child support guidelines if it is in the best interest of the child to do so.
The cases relied upon by appellant purport to applyPauly to shared parenting situations. In Luke, the court recognized that the Supreme Court of Ohio, in Pauly, determined that a parent who is ordered to pay child support under a shared parenting plan is not entitled to an automatic credit for the time the child is residing with that parent and that such a credit is a deviation from the guidelines. Since R.C. 3113.215(C) does not apply to shared parenting situations, the Luke court applied R.C.3113.215(B)(6)(a) and stated, "referring back to R.C.3113.215(B)(6)(a), it follows from Pauly and the statute that both parents under a shared parenting plan are required to pay child support as calculated in the child support worksheet. In our considered opinion, this would suggest an `offset' of one obligation from the other, rather than two support orders." Luke, at 8.
Similarly, in Weinberger, the First District Court of Appeals reversed the trial court. The trial court did not designate the father as a residential parent even though a shared parenting plan was involved. The mother's child support obligation was not incorporated into the child support order while the father's obligation was incorporated. The appellate court found that the trial court's failure to recognize both parties as residential parents resulted in an order that prejudiced the father because he was required to pay child support but the mother was not. The appellate court remanded the case for the trial court to redetermine the child support order. See, also, Congdon,Beard, and Anthony v. Anthony (Dec. 3, 1999), Lake App. No. 98-L-222, unreported, which followed Luke and Weinberger.
While appellant's argument might have merit, the Supreme Court of Ohio expressly rejected this reasoning of using an offset in Pauly. The court held that trial courts should apply R.C.3113.215(B)(6)(a) when a shared parenting plan is involved and no automatic credit in the support order for the time the child(ren) reside with that parent is warranted. Rather, where the application of the child support schedule would be unjust or inappropriate to the child(ren) or either parent, or would not be in the best interest of the child(ren) because of the extraordinary circumstances of the parents or because of any other factors set forth in R.C. 3113.215(B)(3), the trial court may deviate from the child support schedule. "Extraordinary circumstances of the parents" is defined in R.C.3113.215(B)(6)(b)(i), (ii) and (iii), and includes the amount of time the child(ren) spend with each parent, the ability of each parent to maintain adequate housing and the amount of expenses each parent sustains.
The Pauly court expressly rejected any right to an offset, by stating, at 388:
 * * * Also, in a case of split parental rights and responsibility, child support is calculated using a different worksheet than is used in a shared parenting case. R.C. 3113.215(F). The worksheet in division (F), used for split parental rights and responsibilities, contains a setoff provision at line 24 so that the obligor's support obligation is automatically reduced. This differs dramatically from the worksheet prescribed in division (E), which contains no setoff provision and is specifically to be used in a shared parenting order. Given the differences, the right to a setoff under division (C) applies only to a parent with split parental rights and responsibilities, and not to a shared parenting situation.
Thus, even though the trial court erred in designating appellee as the residential parent and legal custodian on the worksheet, appellant was not prejudiced. The trial court properly determined the guideline child support amount since an offset was inappropriate. The First and Third Appellate Districts have also applied Pauly in the same manner. See Miller v. Miller (Sept. 17, 1999), Hamilton App. No. C-980892, unreported; Botticher v.Stollings (Nov. 4, 1999), Paulding App. No. 11-99-08, unreported.
Finally, appellant argues that the trial court failed to make findings of fact to support the deviation from the guideline amount for appellee. R.C. 3113.215(B) requires the trial court to order the guideline amount unless the court determines that the amount calculated would be unjust or inappropriate and would not be in the best interest of the child(ren). To support a deviation from the guideline amount, the trial court may consider the factors in R.C. 3113.215(B)(3) and the extraordinary circumstances of the parents as provided in R.C. 3113.215(B)(6)(b)(i), (ii) and (iii), including the amount of time the children spend with each parent. Appellant argues that the trial court, in essence, deviated from the guideline amount for appellee because, rather than ordering appellee to pay her actual annual obligation of $7,000 or ordering an offset of appellant's obligation and appellee's obligation, the trial court only ordered appellant to pay child support. Appellant argues that this results in a deviation of $7,000 to $0 and the trial court failed to support such a deviation with findings of fact.
As discussed above, the trial court appropriately followed the guidelines. R.C. 3113.215(B)(6)(a) requires the trial court, if it orders a shared parenting arrangement, to determine child support in accordance with the schedule and worksheet. The trial court did so and is not required to make findings of fact supporting such action since it is not a deviation. The deviation which must be supported is any deviation from the worksheet amount or, in this case, appellant's obligation. Here, the trial court supported such a deviation based on the amount of time the children spend with each parent (60/40%). Appellant's third and fourth assignments of error are not well-taken.
For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
 _________________ BOWMAN, P.J.
BROWN and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.