OPINION
This appeal concerns the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, which overruled a magistrate's decision and reduced the child support obligation of appellee, Angelo Maio. Appellant, Karen Maio, disputes two adjustments made by the trial court to appellee's income, for an annuity and for travel expenses.
Appellant and appellee were divorced on October 19, 1995. The final divorce decree was the result of an agreement between the parties, which required appellee to pay $225 per month each for the support of the parties' three children and did not require either party to pay spousal support. Accompanying the agreement was a signed statement by the parties as evidence that it was understood that appellee was only required to pay $176.64 per child under the statutory guidelines, but agreed to pay a larger amount for the best interest of the children. On April 8, 1998, appellant filed a motion to modify child support because appellee's income had increased significantly since the date of the divorce. On May 17, 1999 and September 1, 1999, a hearing was held on the motion before a magistrate.
At the hearing, the evidence showed that appellee is an ironworker, who gets work either through the Ironworkers Local No. 17 ("the union"), who has agreements with various contractors, friends, or by inquiring at different job sites. He is not steadily employed by any one company for longer than the length of a project. He buys his own safety equipment and travels to work sites on his own. Appellee lists these equipment and travel expenses as deductions on his income tax returns.
Appellee is paid through the union at a set hourly rate, which increases annually. Certain deductions, known as non-taxable fringe benefits, are taken out of his hourly rate for such things as health care, unemployment compensation, and an annuity fund. Three dollars an hour is deducted for the annuity. Money in the annuity can only be accessed after retirement, three months of unemployment, or if there is a hardship. Appellee has had to access funds in his annuity on two occasions because of hardship. Frank Svetz, a representative of the union, testified that the amount contributed to the annuity was not part of the income included on W-2 forms.
On January 27, 2000, the magistrate issued an amended decision[1] inwhich he recommended that appellee's child support obligation beincreased to $313.42 per month per child. Both parties filed timelyobjections to the magistrate's decision and a hearing was held on theobjections, on February 28, 2000. On April 11, 2000, the trial courtruled that appellee's child support obligation should only be $262.21 permonth per child. The trial court concluded that the magistrate hadmiscalculated appellee's income by failing to account for travel expensesincurred while looking for work and by including the amount he paid forhis annuity separately from his wages. The trial court reducedappellee's income $6,841 for travel expenses and $5,677 for the annuity.
 Appellant raises the following assignments of error:
 "[1.] The court erred in modifying the magistrate's decision and concluding that defendant's income of $44,604/year already included the $5,677 paid to his annuity fund.
 "[2.] The trial court erred by modifying the magistrate's decision and concluding that defendant was entitled to deduct $6,481 in `travel expenses.'"
 In her first assignment of error, appellant asserts that the trial court made a mathematical error by concluding that appellee's gross income already included the contributions to his annuity account, rather than adding it to his account.
 The decision to adopt, reject or modify a referee's report will not bereversed on appeal unless the decision was an abuse of discretion, whichhas been defined as "`* * * more than an error of law or judgment; itimplies that the court's attitude is unreasonable, arbitrary orunconscionable.'" Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.Appellant alleges that the trial court made a simple mathematicalmistake. Where a substantial error occurs due to mathematicalmiscalculations, an abuse of discretion may be shown. Gockstetter v.Gockstetter (June 23, 2000), Erie App. No. E-98-078, unreported,2000 Ohio App. LEXIS 2806, at *7.
 The trial court erred by not including the annuity as part ofappellee's gross income. "Gross Income" is defined in R.C. 3113.215(A)(2)as: "the total of all earned and unearned income from all sources duringa calendar year, whether or not the income is taxable, and includes, butis not limited to, income from . . . annuities * * *" That appellee isnot taxed on the annuity until funds are distributed to him from theannuity, and that he cannot access the funds in the annuity unlesscertain criteria are met, is of no consequence. Murray v. Murray(1999), 128 Ohio App.3d 662, 667-68, (holding that unexercised stockoptions are "gross income" even though stock options are not taxable, anddo not produce actual cash income until exercised); Parzynski v.Parzynski (1992), 85 Ohio App.3d 423, 436, (holding that a privatepension is included in "gross income").
 The testimony of Frank Svetz clearly showed that the contribution tothe annuity fund was separate from the amount included in appellee's W-2statement. Thus, the trial court failed to consider that portion ofappellee's gross income in its calculations. Appellant's first assignmentof error has merit.
 In her second assignment of error, appellant asserts that the trialcourt erred by deducting travel expenses for appellee when he presentedno proof of those expenses. She also questions the validity of theamount of travel expenses, $6,841, because at 32.5 cents per mile, itwould require him to travel over 21,000 miles per year. The evidenceshowed that appellee was required to travel extensively in search ofemployment. We cannot say that the trial court abused its discretion inaccepting appellee's figures as accurate. Appellant's second assignmentof error lacks merit.
 "When the court is modifying a preexisting order for the payment ofchild support, the court must apply the ten percent test established byR.C. 3113.215(B)(4)[2] in the Child Support Guidelines and thestandards set out in Marker v. Grimm (1992), 65 Ohio St.3d 139,601 N.E.2d 496." DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, paragraph two of the syllabus.
Under the ten percent test of R.C. 3113.215, a substantial change in circumstances necessitating a modification of child support exists, as a matter of law, when the recalculated amount of child support varies by more than ten percent from the existing child support order. The trial court failed to make this determination in its order and failed to determine whether the parties contemplated this change of circumstances at the time of the issuance of the original child support order.
When a court reviews a separation agreement, under R.C. 3113.215(B)(4):
 "[I]f the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order * * *"
Thus, "the court must review the agreement to see whether the change of circumstances was one not contemplated at the time of the original order." Slotta v. Slotta (July 28, 1989), Lake App. No. 13-081, unreported, 1989 Ohio App. LEXIS 2983, unreported, at *7. The trial court did not comply with R.C. 3113.215. Nothing in the record demonstrates that a change of circumstances not contemplated by the parties occurred from the time of the original agreed upon child support order.
This cause is reversed and remanded for the trial court to recalculate appellee's income as required by our ruling on the annuity fund, to determine whether the recalculated amount of child support varies by more than ten percent from the existing child support amount, as required by R.C. 3113.215(B)(4), and to determine whether such change was contemplated by the parties.
 ____________________________ JUDGE ROBERT A. NADER
FORD, P.J., concurs,
CHRISTLEY, J., dissents with dissenting opinion.
[1] The magistrate had originally issued a decision on December 28,1999, which contained a clerical error, and issued the amended decisionin response to objections by both parties.
[2] During the pendency of this appeal, R.C. 3113.215(B)(4) wasrepealed and recodified as R.C. 3119.79. The provisions of the statutehave remained the same.