**SIZEMORE, Appellee,**

v.

**SIZEMORE, Appellant.**

[Cite as *Sizemore v. Sizemore* (1991), 77 Ohio App.3d 733.]

Court of Appeals of Ohio,
Montgomery County.

No. 12730.

Decided Oct. 16, 1991.

734

*F. Ann Crossman,* for appellee.
*Joseph W. Walker,* for appellant.

McBRIDE, Judge.

This is the second appeal that originated from a judgment dated February 13, 1990, which increased the father's child-support payments. We are presented with the issues arising from the denial of a motion for decrease in amount of such payments and with the effect of the affirmance on April 15, 1991 of the direct appeal of the same child-support order of February 13, 1990.

The parties were divorced by a decree dated November 30, 1982 in which an award was made of $35 a week for each of two children. On August 14, 1989 a motion was filed by the mother, appellee Kathleen A. Sizemore, as custodian for an increase in support. The request was approved and on February 13, 1990 the court awarded $80 per child for a total of $160 per week. This was appealed on March 12, 1990 in case No. CA 12118.

While this appeal was pending, the father, appellant Ron L. Sizemore, quickly filed on March 30, 1990 a motion in the trial court for a decrease in the child support payments ordered on February 13, 1990. At the first hearing on this motion, the referee noted in the transcript that the appeal on the order dated February 13, 1990 was pending and had not been dismissed. That order reduced the time applicable to a change of condition required to be established on the motion to decrease the payments imposed in the February 13, 1990 order of the court, which was retroactive to November 20, 1989.

In the direct appeal in case No. CA 12118 on the order of February 13, 1990, this court on April 15, 1991 affirmed the judgment of the trial court.

After a continued hearing on July 23, 1990, the trial court on February 14, 1991 denied the motion for a decrease in child support. Briefly, the court

found that appellant failed to meet his burden of proof to demonstrate a substantial change in personal income since the previous support order.

Reviewing the transcripts of the hearings, we find ample evidence to support such conclusion. Appellant presented no evidence of his personal income tax returns. He said that he had no income (his accountant disputed this) from a rental of a residence that produced about $10,000, no income from a partnership, and no income from any other source. Whether depreciation was taken from rental income was not disclosed. Lacking a federal personal income tax return, the court was not provided a view of appellant's personal finances, which admittedly included an earlier loan of $15,000 to his corporation in which he had already invested over $100,000.

Nearly all of appellant's evidence related to his potential business income from his solely owned corporation. He held all of the stock, managed and directed the Pro–Auto Washers, Inc., business in which he had engaged for many years. The present business was only a few years old and was heavily in debt. At the time he filed his motion to decrease the amount of the child-support order, he reduced his weekly draw from his corporation from $350 to $275.

The trial court agreed that the corporation had not produced a profit but that there was a recent improvement. However, in determining the income of the appellant, the court "added back" depreciation in the amount of $29,711 to increase the income of appellant to $50,738.

The assignments of error will be separately discussed.

"1. The trial court's calculation of the appellant's self-employment income was not in accordance with the mandates of Ohio Revised Code Section 3113.215(A)(2)(3)(4), was clearly against the manifest weight of the evidence, and an abuse of the trial court's discretion."

R.C. 3113.215(A)(4) provides:

" 'Ordinary and necessary expenses incurred in generating gross receipts' means actual cash items expended by the parent or his business. 'Ordinary and necessary expenses incurred in generating gross receipts' does *not include depreciation* expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or his business." (Emphasis added.)

For the purpose of determining the personal income available to a parent for child support, ordinary and necessary business expenses of a corporation do not include depreciation expenses and other noncash items that are allowed on the federal tax return of the business of the parent. In calculating profit or loss for child-support purposes federal deductions for

depreciation are specifically excluded from a corporate or business statement or tax return.

■ Not excluded and added as personal income of the parent are payments in-kind (self-generated income), including cars, housing, reimbursement for meals and other benefits that are significant and the payment of which reduce personal living expenses of the parent.

R.C. 3113.215(A)(3) provides:

"(3) 'Self-generated income' means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partner-ship or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts. 'Self-generated income' *includes* expense reimbursements or in-kind payments received by a parent from self-employment, the operation of a business, or rents, including, but not limited to, company cars, free housing, reimbursed meals, and other benefits, *if the reimbursements are significant and reduce personal living expenses.*" (Emphasis added.)

The evidence presented for the income and expenses of Pro–Auto Washers, Inc. related to the nine months ending March 31 for the years 1989 and 1990. It reflects a loss of $11,498 in 1989 and $7,651 in 1990, an improvement since the issuance of the existing child-support order. The nine-month figures offered by appellant are as close as the evidence comes to the brief span of time after the entry of February 13, 1990 in which the child support payments were increased. The trial court used annual figures for salary, use of the car *and corporate depreciation,* adding all three to reach a figure for the total income of appellant.

■ Throughout the hearing, appellant confused the corporate records with his personal income. He insisted they were one and the same. They are not. He was required to file with the IRS a personal income tax return, reflecting all his income, and a corporate return for his business. He provided only the latter for the tax year beginning July 1, 1988 and ending June 30, 1989 as well as his operating statement for nine months.

■ The schedule for filing for tax returns seldom fits comfortably into whatever time span that may exist for determining the ability of a parent to pay an existing child-support order. The determination is difficult where the time span is limited to a significant change of condition in the corporation. When a corporate proprietorship is involved in a child-support case, the court has a duty to carefully examine the evidence of corporate expenses and deductions as related to possible personal income. By failing to introduce his personal tax return, appellant denied the trial court this opportunity.

■ The unique problem of child support created by a parent who is the only stockholder and who has control of all income and disbursements of a corporation, is regulated by Ohio law and not by the Internal Revenue Service.

Corporate statements include as expenses cash, property, and, for tax purposes, a paper deduction allowed as depreciation. Depreciation reduces tax liability but does not change the current market value of a corporate asset, although it may—if other factors are favorable—eliminate a loss or improve profits. Depreciation is a standard accounting fiction recognized by a taxing authority as its method of determining public revenue.

■ In restructuring a corporate statement without depreciation for child support purposes, the court also must review all circumstances, to determine if the individual proprietor has taken or concealed anything of value from his corporation which should be added to his personal income.

■ It is prejudicial error to add depreciation to the personal income of a wholly owned corporate proprietor to determine his present ability to pay child support. There is no authority that permits depreciation to be added directly to the personal income of the parent-owner for child support purposes. R.C. 3113.215(A)(4). Even under C.P.Sup.R. 75(C)(1)(c) depreciation was simply *excluded* from ordinary and business expenses of the corporation. Depreciation is not a reimbursement or in-kind payment (self-generated income) that reduces personal living expenses.

■ On the other hand, "self-generated income" from a closely held corporation may be of any nature, benefit or kind—in this case a car and incidental expenses—the value of which is not excluded from the corporate statement and must be added to the personal income of the parent in determining the income available for a support order. The possibility of withdrawal of personal benefits from a closely held corporation for living expenses or other personal use requires sharp scrutiny of all available records to prevent avoidance of child support.

In the earlier appeal in case No. CA 12118, in determining income the referee added salary *plus depreciation,* plus the value of a leased automobile in reaching an income figure of $50,738. The third assignment of error in that appeal raised the issue of adding corporate depreciation to the parent's income; however, with no transcript of the evidence the error was not reviewed. The judgment of the trial court was affirmed.

■ The affirmance in case No. CA 12118 of the direct appeal of the existing child-support order did not definitively determine the issue raised in this assignment of error for the reason that the evidence was not available for judicial review. A child-support order is also subject to the continuing

jurisdiction of the court and if there is a significant mistake it may be corrected in a pending proceeding or by a future motion.

While excluding depreciation in a business statement may be an anathema to an accountant, adding corporate depreciation to personal income defies the imagination and turns a benefit into an unlawful and unjustified personal penalty. In this case adding depreciation to the amount of personal income increased income by more than fifty percent. In other words, over half the personal income found by the trial court was neither cash nor in-kind property received by appellant.

■ The availability of actual or potential resources for the living expenses of the children is the primary concern of the judiciary.

■ When depreciation is excluded from ordinary and necessary expenses of a corporation, it is unreasonable and contrary to the law of this state to add the useless depreciation item to the income of the parent for the purpose of determining the amount available for a child-support order. Whatever enhancement results from the exclusion of depreciation from the business statement is reflected in the final profit or loss, as recalculated for child-support purposes. The purpose of R.C. 3113.215(A)(4) is accomplished by the elimination of depreciation as a business expense. There is no lawful justification for adding the amount of such depreciation to the separate account of the parent for the purpose of falsely increasing his or her personal income. Depreciation has no value other than its tax purpose. It is a fantasy to expect depreciation to pay or provide for the living expenses of either the parent or of his children.

The record suggests other items that are involved in this case: a separate partnership business and a rental income venture on which appellant submitted no accounting or depreciation information. The income of the custodial parent was ignored.

However, the addition of the corporate depreciation to the personal income of the parent was a major error not previously considered, and was unlawful and an abuse of discretion. The judgment will be reversed and the cause remanded for further proceedings according to law.

The first assignment of error is sustained.

"2. The trial court's finding that the defendant/appellant had failed to demonstrate a substantial change in circumstances, as mandated by Ohio Revised Code Section 3113.215(B)(4), and to grant the appellant the requested decrease in support obligation in accordance with the guidelines set forth in Ohio Revised Code Section 3113.215(D), was clearly against the manifest weight of the evidence."

The premise for this assignment was resolved in the first assignment of error. The erroneous conclusion of the trial court avoided the necessity for consideration and determination of a modification of the child-support order under the guidelines or of the standard schedule.

Since the failure claimed in this assignment of error was based upon a calculation of appellant's income that was contrary to law and an abuse of discretion, such error may be corrected only by further proceedings.

This assignment of error is sustained for the reasons indicated.

"3. The trial court's finding that the defendant was required to submit personal tax returns under the mandates of Ohio Revised Code Section 3113.215(B)(5)(a) was incorrect, is contrary to law, and against the manifest weight of the evidence."·

The presence of this assignment of error and the appellant's argument that his personal income tax return is on this record demonstrate the confusion in the record. What the trial court said was " * * * and [defendant] has not submitted his personal tax return." Appellant asserts he put before the court every document in his possession. Of the four exhibits introduced there is no personal tax return.

In determining a child-support obligation, R.C. 3113.215(B)(5)(a) requires:

"The parents shall verify current and past income and personal earnings with suitable documents, including, but not limited to, paystubs, employer statements, *receipts* and *expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns.*" (Emphasis added.)

Even in the absence of such a statute, the items described are essential evidence in any case where the court is mandated to pierce the separate corporate entity to specially determine for child-support purposes the income of a wholly owned corporate or business proprietorship. The necessity to scrutinize the evidence is more significant where the revenue of the corporation is usually in cash. It is not appropriate to decide what the penalty may be for failure to submit a tax return. In this instance the issue was not raised at trial; however, the failure was critical and contributed to the denial of the motion to decrease the amount of the existing child support order. The introduction of available verification provides a test for the truth or falsity of testimony; otherwise, the only test is the credibility of the witness and the weight of the evidence, matters reserved for the trier of the facts.

The third assignment of error is denied.

**742**

The judgment will be reversed and the cause remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

FAIN, P.J., and GRADY, J., concur.

ROBERT L. McBRIDE, J., retired, of the Second Appellate District, sitting by assignment.