**MATRKA, Appellee and Cross–Appellant,**

v.

**MATRKA, Appellant and Cross–Appellee.**

[Cite as *Matrka v. Matrka* (1995), 100 Ohio App.3d 161.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–94–22.

Decided Jan. 11, 1995.

*Kevin Pelanda*, for appellant and cross-appellee.

*Don W. Fraser*, for appellee and cross-appellant.

EVANS, Judge:

This is an appeal from a judgment of the Union County Court of Common Pleas, Domestic Relations Division, which granted the motion of appellee and cross-appellant Michael Matrka ("Obligor") to modify his child support payments. Appellant and cross-appellee Karen Matrka ("Obligee") appeals the trial court's decision lowering the amount of child support payable to her by the Obligor. For the reasons that follow, the judgment of the trial court is reversed.

## I

Michael Matrka married Karen Matrka on August 28, 1982. Their marriage ended by a divorce decree dated June 22, 1992. Four children were born as issue of the marriage. A decree of shared parenting ordered the Obligor to pay $1,844.84 per month in child support. The divorce decree also required the Obligor to pay the Obligee spousal support in the amount of $1,500 per month for five years. At the time of the divorce, the parties were the owners of K & M Builders and Remodeling, Inc., a home remodeling business. As part of the terms of the divorce decree, the Obligee relinquished her interest in the business, leaving the Obligor as the sole corporate shareholder.

On November 8, 1993, the Obligor moved, *inter alia,* to modify his child support payments. The Obligor's motion contended that there was a significant change in his circumstances, which, if used in the calculation of child support pursuant to the present guidelines, would result in a significant decrease in the amount of the order. On January 26, 1994, the trial court conducted a hearing on the Obligor's motion. By way of a judgment entry dated May 6, 1994, the trial court granted the Obligor's motion to modify his child support payments. The trial court made the following findings:

"After considering the evidence adduced and the arguments of counsel, the Court does not find based upon the evidence that Plaintiff's [Obligor's] income has decreased, but does find that a recalculation of Plaintiff's child support is in order. The Court finds that the calculation should include Plaintiff's income at $115,990., Defendant's [Obligee's] income at $1533 and that the spousal support received by the Defendant in the amount of $18,000 per year, as awarded to Defendant in this divorce, should be included in her gross income under the category of 'other annual income.'"

## II

The Obligee asserts two assignments of error for our review:

## ASSIGNMENT OF ERROR NO. 1

"The trial court erred in modifying plaintiff/obligor's support obligation absent a finding of change in circumstances."

## ASSIGNMENT OF ERROR NO. 2

"In calculating child support pursuant to the Ohio Child Support guidelines, the trial court erred in considering plaintiff/obligor's spousal support obligation, so as to reduce his child support obligation."

R.C. 3105.65(B) grants the courts continuing jurisdiction to modify child support. When reviewing a matter concerning child support, we will not reverse a decision of the trial court in the absence of an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142.

R.C. 3109.04(A)(2) and 3113.215(B)(4) set forth the standards for allocating and modifying child support in cases involving shared parenting orders. The modification of child support is based upon a two-step process: the trial

court must first determine if there has been a change in circumstances, and, if so, make a redetermination of the amount of child support. *Linehan v. Linehan* (1986), 34 Ohio App.3d 124, 126, 517 N.E.2d 967, 969–970; *Cheek v. Cheek* (1982), 2 Ohio App.3d 86, 2 OBR 95, 440 N.E.2d 831.

During the January 26, 1994 hearing, the trial court expressly found no substantial change in the circumstances of the parties which would warrant a change in the support to be paid. The trial court incorporated that finding into its May 6 entry, which expressly found no decrease in the Obligor's income. In the absence of any change in circumstances, we find the trial court's decision modifying the original child support decree arbitrary and an abuse of discretion. See *Anderkin v. Lansdell* (1992), 80 Ohio App.3d 687, 692, 610 N.E.2d 570, 573. The Obligee's first assignment of error is well taken and it is sustained.

The Obligee's second assignment of error raises the issue of whether spousal support between parties is to be included on the worksheet for the purpose of calculating gross income leading to a calculation of child support. R.C. 3113.215(A)(2) specifies the type of spousal support that is to be considered gross income: "spousal support actually received from a person not a party to the support proceeding for which actual gross income is being determined." The Obligor contends that this provision shifts spousal support from the income of the paying spouse to the receiving spouse for purposes of computing child support. However, the appellate courts that have considered this argument have rejected it and hold that a spousal support obligation paid by a party to a proceeding is not to be considered as gross income for the purpose of calculating child support. *Parzynski v. Parzynski* (1992), 85 Ohio App.3d 423, 434–435, 620 N.E.2d 93, 101; *Paulus v. Paulus* (June 30, 1994), Geauga App. No. 93–G–1828, unreported; *Weddell v. Weddell* (June 29, 1994), Montgomery App. No. 14274, unreported, 1994 WL 312933; *Bailey v. Bailey* (Sept. 22, 1992), Franklin App. No. 92AP 446, unreported, 1992 WL 246051. We find the reasoning of these cases in interpreting R.C. 3113.215(A)(2) persuasive. The Obligee's second assignment of error is well taken and it is sustained.

On cross-appeal, the Obligor presents the following cross-assignments of error:

## FIRST CROSS–ASSIGNMENT OF ERROR

"The trial court erred in not attributing more than $1,533.00 per year plus $18,000 in spousal support as and for income to defendant/appellant/cross appellee."

## SECOND CROSS–ASSIGNMENT OF ERROR

"The trial court erred in its finding that plaintiff's income had not changed from $115,990.00."

## THIRD CROSS–ASSIGNMENT OF ERROR

"The trial court erred in not ordering that the spousal support paid by plaintiff be deducted from his income for purposes of computing child support."

■ The Obligor's first cross-assignment of error claims that the trial court improperly computed the Obligee's earnings, because the Obligee is now allegedly earning more by babysitting. However, the Obligor failed to establish that there was a change of circumstances requiring a recalculation of his child support obligation. The trial court expressly found no substantial change in the circumstances of the parties which would warrant a change in the support to be paid. In reaching its decision, the trial court considered the testimony of the parties, the federal tax returns of the parties, the corporate tax returns of K & M Builders, and various supporting documents. We find no abuse of discretion. The Obligor's first cross-assignment of error is overruled.

■ The Obligor's second cross-assignment of error contends that the decline in his personal income since the date of the original child support order warrants a modification of his child support obligation. While it is true that his 1993 earnings were $91,750 compared to $115,990 in 1991, the Obligor testified that the gross income of K & M Builders increased from $809,000 in 1992 to $853,000 in 1993, the same year he claimed a decrease in his income. For purposes of determining child support, the Obligor's corporate income is not one and the same as his personal income; however, the Obligor is the sole stockholder, manager, and director of K & M Builders. In cases of corporate proprietorship, "the court has a duty to carefully examine the evidence of corporate expenses and deductions as related to possible personal income." *Sizemore v. Sizemore* (1991), 77 Ohio App.3d 733, 738, 603 N.E.2d 1032, 1035. As the *Sizemore* court pointed out, the possibility of withdrawal of personal benefits from a corporate proprietorship for living expenses or other personal use requires the sharp scrutiny of all records to prevent the avoidance of child support. We define a corporate proprietorship as a business operated in the form of a corporation but having only one individual as shareholder, director, and manager.

The Obligor requests that he be permitted to deduct reasonable and necessary business expenses as they relate to child support. He contends that the net income from his business decreased, thus affecting his ability to pay child support. The evidence adduced at the hearing demonstrated that the Obligor used his company work crew to work on his own home remodeling project, that the Obligor used a work crew to complete the remodeling of his girlfriend's home in 1993, and that the corporation purchased a 1993 Ford Explorer. The Obligor was able to do all that in 1993, plus post an increase of gross revenue of $44,000.

Based on this evidence, the trial court then considered the Obligor's allegation of diminished income, and found it not credible. The trial court's decision was supported by competent, credible evidence, which we decline to reverse on appeal. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. The Obligor's second cross-assignment of error is overruled.

The Obligor's third cross-assignment of error is simply the converse of the Obligee's second assignment of error, and it is overruled for the reasons indicated in that portion of this opinion.

In summary, we sustain the Obligee's two assignments of error and overrule the Obligor's three cross-assignments of error.

### III

Having found error prejudicial to the Obligee in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause with instructions to reinstate the former order of support, effective May 6, 1994.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT and HADLEY, JJ., concur.