**BRYANT, Appellee,**

v.

**HACKER, Appellant.**

[Cite as *Bryant v. Hacker* (1996), 116 Ohio App.3d 854.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950758.

Decided Dec. 24, 1996.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, *Diane E. Books* and *David J. Kelley,* Assistant Prosecuting Attorneys, for appellee.

*John F. Hacker, pro se.*

MARIANNA BROWN BETTMAN, Presiding Judge.

On October 28, 1993, appellee Christina Bryant gave birth to a son. Following a trial and genetic testing, appellant John Hacker was found to be the father of this child. The lower court then referred the case to a magistrate, who conducted a hearing on the issue of child support. She concluded that Hacker, who was unemployed, should seek employment and should pay $130 per month in child support. The lower court adopted the magistrate's report over Hacker's objection.

On the same day that the magistrate issued her recommendations, Hacker filed a motion for modification of the child-support order. The motion was dismissed by a second magistrate, who concluded that there was no change in circumstances warranting a modification. Hacker then filed an objection to the dismissal of this motion, arguing that the second magistrate did not fairly consider all evidence presented regarding an alleged disability that precluded Hacker from seeking work. Hacker also claimed that he was not required to pay child support because "if it is the mother's constitutional right to have an abortion or give the baby up for adoption then it should also be the father's constitutional right to give up the baby without any financial obligation * * *." The lower court overruled these objections. Hacker presently appeals this decision.[1]

In his first assignment of error, Hacker contends that the trial court abused its discretion when it overruled his motion for modification because "[a] trial court has the power to grant a modification on an existing order of child support for medical reasons."

In order to modify an order of child support, a trial court must first determine whether there has been a change in circumstances warranting a redetermination of a child-support obligation. *Matrka v. Matrka* (1995), 100 Ohio

---

1. We have *sua sponte* removed this case from the accelerated calendar.

App.3d 161, 652 N.E.2d 250. This is necessarily a factual inquiry, and we will not reverse the lower court's decision absent an abuse of discretion. *Id.* An abuse of discretion is more than an error in judgment; it implies that the lower court was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

Upon a review of the record, we hold that the lower court did not abuse its discretion when it determined that there had been no change in circumstances warranting a redetermination of Hacker's child-support obligation.[2] This assignment of error is overruled.

In his second assignment of error, Hacker asserts, as he did below, that "if it is the woman's constitutional right to have an abortion or give the baby up for adoption, then it should also be the constitutional right of the man to have the same decision making powers." He argues, relatedly, that a man who does not want to be engaged in the parenting role should not be penalized financially because the mother chooses to have and to keep the baby.

We will address first Hacker's argument that it is unconstitutional for the decision about abortion and adoption to belong only to the mother of the child.[3]

We turn first to the issue of "choice." Hacker does not contest that, during the early stages of pregnancy, a woman has a right to decide whether to obtain an abortion. See, generally, *Casey v. Planned Parenthood of Southeastern Pennsylvania* (1992), 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (right to obtain abortion); *Maher v. Roe* (1977), 432 U.S. 464, 472, 97 S.Ct. 2376, 2381–2382, 53 L.Ed.2d 484, 493–494 (right to carry fetus to term). He argues, however, that this "right to choose" should belong equally to the pregnant woman and to that woman's sexual partner.

The decision of whether to carry a fetus to term can never be an equal one when the parties disagree. It is a simple biological fact that, in this circumstance, the wishes of only one party must prevail. "[I]nasmuch as it is the woman who physically bears the child and who is the more directly and immediately affected by the pregnancy, as between the two [the woman and the man], the balance weighs in her favor." *Planned Parenthood of Cent. Missouri v. Danforth* (1976), 428 U.S. 52, 71, 96 S.Ct. 2831, 2842, 49 L.Ed.2d 788, 806.

---

2. We note that less than a day had passed between the time the first magistrate issued her recommendations and the time that Hacker filed his motion for modification.

3. This argument was not fully addressed below. However, since it at least was raised, we will address it now.

In *Danforth, supra,* the Supreme Court addressed and disposed of Hacker's "equal choice" argument, holding that the spouse of a pregnant woman cannot compel or forbid his wife to terminate her pregnancy. The court reasoned that the state cannot delegate to a spouse a veto power which the state itself is prohibited from exercising.[4]

Since the highest court of the land has refused to recognize that the husband of a pregnant woman has the right to compel or forbid abortion, we most assuredly do not find that a nonmarital partner has this right. See *People ex rel. S.P.B.* (Colo.1982), 651 P.2d 1213.

Hacker also makes the argument that it is unfair that only the mother of a child can compel or prohibit an adoption. We again interpret this as an equal protection argument; however, an equal protection argument fails because the relevant consent provisions of the adoption statute do not treat the mother and father of the child differently.

R.C. 3107.06 provides:

"Unless consent is not required under section 3107.07 of the Revised Code, a petition to adopt a minor may be granted only if written consent to the adoption has been executed by all of the following:

"(A) The mother of the minor;

"(B) The father of the minor, if the minor was conceived or born while the father was married to the mother, if the minor is his child by adoption, or if the minor has been established to be his child by a court proceeding * * *."

Except for a few narrowly defined instances set forth in R.C. 3107.07, which do not apply in this case, a child may not be adopted without the consent of both parents.[5] It is also true that if one parent wants to keep the child, the other cannot force an adoption. In other words, the law protects the mother and the father equally, and Hacker's argument is simply incorrect.

Following a court proceeding, Hacker was found to be the father of the child at issue. Therefore, he has the same adoption rights as Bryant.

---

**4.** It is not clear at what point in Bryant's pregnancy Hacker claims he wanted Bryant to have the abortion. We will assume that it was at a very early stage of the pregnancy.

**5.** In fact, in *Caban v. Mohammed* (1979), 441 U.S. 380, 99 S.Ct. 1760, 60 L.Ed.2d 297, the United States Supreme Court ruled a statute unconstitutional that allowed the mother, but not the father, of a child born out of wedlock to block the child's adoption by withholding consent.

■ We turn next to Hacker's argument that because he did not want this child, and would have elected abortion or adoption, he should not be obligated to pay child support. We disagree.

Hacker's act of sexual intercourse with Bryant carried with it the risk that a pregnancy would result. Hacker presents himself as a man without choices; this is not true. He could have chosen ways to prevent conception—another choice that belongs to both parties.

Hacker is not presently relieved of his financial obligations to his child because he did not want him. Both parents have a legal obligation to support their child. This is an obligation both to the child and to the state. R.C. 3103.03(A) and 3103.031; *Johnson v. Adams* (1985), 18 Ohio St.3d 48, 52, 18 OBR 83, 86–87, 479 N.E.2d 866, 869 (the state has an interest in ensuring that children do not become economic wards of the state). This argument is without merit.

Hacker also raises a contract claim, arguing that Bryant promised to have an abortion. However, he failed to raise or to argue this in his motion to modify, and we therefore decline to address it. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220, 574 N.E.2d 457, 462–463.

Therefore, Hacker's second assignment of error is overruled.

The decision of the lower court is affirmed.

*Judgment affirmed.*

Hildebrandt and Shannon, JJ., concur.

Raymond E. Shannon, J., retired, of the First Appellate District, sitting by assignment.