OPINION
Defendant-appellant, Dwight Coggins, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding him in contempt and refusing to reduce his spousal and child support obligations to plaintiff-appellee, Peggy Coggins.
The parties were divorced on January 30, 1996. They have three minor children. According to the divorce decree, appellant was to pay appellee $1,733.33 per month in spousal support for four years and $458.29 in child support per child each month based upon an adjusted gross income of $80,000. By April 1996 appellant had fallen over $9,000 behind in his support obligations. On April 4, 1996, the parties appeared in court for an emergency hearing and signed an Agreed Entry with regard to spousal and child support. Under that agreement, appellant's support obligations were reduced retroactively from December 20, 1995. The agreement reduced appellant's spousal support obligation to $1,300 per month. The agreement reduced appellant's child support obligation according to the child support schedule based upon an adjusted gross income of $57,300. After appellant made a lump-sum payment called for by the agreement, there was no support arrearage.
Despite the reduction in his support obligations, appellant continued to fall behind in his support payments. On March 26, 1996, appellee had filed a motion in contempt against appellant for failing to make child and spousal support payments. On April 23, 1996, appellant filed a motion to reduce his child and spousal support payments. The trial court heard both motions on July 5, 1996. The trial court subsequently denied appellant's request for a reduction in his support obligations and found him in contempt for failing to make his support payments.
On appeal, appellant sets forth two assignments of error for review. Appellant first complains that the trial court abused its discretion when it refused to reduce his spousal and child support obligations. This court disagrees.
A trial court can modify a party's child and spousal support obligation if it finds that there has been a "change in circumstances." See R.C. 3105.18(E) and R.C. 3113.215(B)(4). R.C.3105.18(F) defines a change in circumstances as "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." The moving party has the burden to demonstrate a change in circumstances; whether such a change has occurred is necessarily a factual inquiry that this court will not reverse absent an abuse of discretion. See Matrka v. Matrka (1995), 100 Ohio App.3d 161, 166-67.
Appellant works as an independent contractor for World Book Encyclopedia. He had previously been a branch manager with World Book responsible for as many as one hundred fifty employees. According to his federal income tax returns, appellant earned about $57,000 in 1995, $76,000 in 1994, and $91,400 in 1993. He claimed that his income was decreasing because of industry wide changes in the encyclopedia market. Appellant introduced a pay stub at the hearing that indicated that he had earned only $12,826 through June 26, 1996. He projected that his income for 1996 would come to about $26,700. Appellant said he was looking for another job and had given his resume to a management recruiting firm about two weeks before the hearing.
Under these circumstances, the trial court did not err in refusing to reduce appellant's spousal support obligations. When a court calculates gross income for purposes of determining support, the court, when appropriate, may average income over a reasonable period of years. R.C. 3113.215(B)(5)(h). Moreover, R.C. 3113.215(A)(1) provides in part that where a parent is unemployed or underemployed, that parent s income for purposes of computing child support includes both the gross income of the parent and any "potential income" of the parent. The trial court's decision not to overlook several past years of relatively high income was especially appropriate because appellant did not come forward with persuasive evidence of any serious effort to find a higher paying job.
The trial court did not err in refusing to reduce appellant's child and spousal support payments. Appellant's first assignment of error is overruled.
Appellant complains under his second assignment of error that the trial court erred in finding him in contempt of court. This court disagrees.
A court may hold a party in contempt where that party fails to comply with a lawful judgment or court order. R.C. 2705.02. This court will not reverse a trial court's contempt order absent an abuse of discretion. See State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 11. In a contempt proceeding for failure to pay court-ordered child support, once the movant has established the obligor's failure to pay support, "the [obligor] bears the burden of alleging and proving his inability to comply with the court order, as the order imports a finding of the court that the [obligor] is able to pay." Rinehart v. Rinehart (1993), 87 Ohio App.3d 325,328.
Appellant argues that he could not make his support payments and complains, therefore, that the trial court abused its discretion in finding him in contempt. The record does not support his argument. Since signing the agreed entry in April, appellant fell over $2,400 behind in his support payments. Since then appellant exhausted a $23,000 bank account. A significant portion of this sum went toward appellant's support obligations and toward establishing a court-ordered IRA for appellee. Appellant, however, also paid $7,000 to his attorney and made a $2,000 down payment on a new car. The record clearly indicates that appellant had the means to make his court ordered support payments. Under these circumstances, the trial court did not err in holding appellant in contempt of court. Appellant's second assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.