MEMORANDUM DECISION AND JUDGMENT ENTRY
This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Butler County Court of Common Pleas, Domestic Relations Division, and upon the briefs and oral arguments of counsel for appellee and appellant, pro se. Now, therefore, the assignments of error having been fully considered are passed upon in conformity with App.R. 12(A) as follows:
 This is an accelerated appeal arising from a decision by the Butler County Court of Common Pleas, Domestic Relations Division, which denied defendant-appellant, David J. Fallang's, motion to reduce his child and spousal support obligations.
An original award of child or spousal support may only be modified when a movant demonstrates a substantial change in circumstances. Cole v. Cole (1990), 70 Ohio App.3d 188, 191 (child support); Leighner v. Leighner (1986), 33 Ohio App.3d 214, 215 (spousal support). If the trial court finds that a change of circumstances exists, then it may consider whether continued support is necessary and, if so, the amount that is reasonable. Leighner,33 Ohio App.3d at 215. The decision as to whether a change of circumstances has occurred rests within the sound discretion of the trial court. Carnahan v. Carnahan (Mar. 3, 1997), Clermont App. No. CA96-08-072, unreported.
The trial court has broad discretion to determine whether an original child or spousal support award should be modified. Cole,70 Ohio App.3d at 191 (child support); Leighner,33 Ohio App.3d at 215 (spousal support). The trial court's decision with respect to a modification of child or spousal support will not be disturbed by a reviewing court absent an abuse of discretion. Cole, 70 Ohio App.3d at 191 (child support); Leighner,3 Ohio App.3d at 215 (spousal support). An "abuse of discretion" suggests more than an error of law or judgment and indicates that the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Following a hearing on appellant's motion to reduce his child and spousal support obligations, the trial court found that appellant had failed to establish the substantial change of circumstances necessary to permit a modification of the original child and spousal support awards. The trial court found that the shared parenting arrangement whereby appellant and appellee, Carole A. Fallang, each have physical custody of the children fifty percent of the time had not changed. The trial court also found no significant change in the parties' financial status which would constitute a change of circumstances. Specifically, the trial court found that as a result of the hearing, appellant's financial burden had been eased, as he was no longer required to provide health insurance for the parties' three minor children.
Appellant now raises the following seven assignments of error for our review:[1]
Assignment of Error No. 1:
 AN AWARD OF SPOUSAL SUPPORT IN THE ABSENCE OF DOCUMENTED NEED BY THE RECIPIENT CONSTITUTES ABUSE OF DISCRETION.
Assignment of Error No. 2:
 THE TRIAL COURT EXCEEDED ITS STATUTORY AUTHORITY IN ORDERING THE APPELLANT TO PAY CHILD SUPPORT FOR CHILDREN FOR WHOM HE IS THE RESIDENTIAL PARENT AND LEGAL CUSTODIAN.
Assignment of Error No. 3:
 THE TRIAL COURT FAILED TO COMPLETE A CHILD SUPPORT CALCULATION SHEET AS REQUIRED BY LAW.
Assignment of Error No. 4:
 THE TRIAL COURT FAILED TO INCLUDE A SUFFICIENT FACTUAL BASIS IN ITS DECISION.
Assignment of Error No. 5:
 THE TRIAL COURT'S DECISION GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 6:
 SPOUSAL SUPPORT FROM ALL SOURCES MUST BE INCLUDED IN GROSS INCOME.
Assignment of Error No. 7:
 DOCUMENTS OBAINED [sic] BY FRAUD SHOULD NOT BE ADMISSIBLE.
In his first assignment of error, appellant contends that the trial court abused its discretion by awarding spousal support to appellee in the absence of need. After carefully reviewing the record, we find that the issue raised in appellant's first assignment of error is res judicata. The doctrine of res judicata provides that a final judgment is conclusive as to the rights of the parties and the facts and issues decided and it bars a later action involving the same issues. Quality Ready Mix, Inc. v. Mamone (1988), 35 Ohio St.3d 224, 227; Swartz v. Swartz (Feb. 24, 1997), Warren App. No. CA96-07-063, unreported. The purpose of res judicata is "to prevent repeated attacks upon a final judgment" rendered by a court of competent jurisdiction. Stromberg v. Board of Edn. of Bratenahl (1980), 64 Ohio St.2d 98,100.
The trial court considered the issue of spousal support and ordered appellant to pay spousal support to appellee for a period of five years. The trial court's spousal support award was affirmed by this court on two occasions. See Fallang v. Fallang (Feb. 26, 1996), Butler App. No. CA95-06-011, unreported; Fallang v. Fallang (Apr. 17, 1995), Butler App. No. CA94-04-086, unreported. Accordingly, appellant's first assignment of error is res judicata.
We note that to the extent appellant's argument alleges that the trial court's decision denying his motion to reduce spousal support is erroneous because appellee no longer needs spousal support, appellant's argument fails as well. The appropriate standard to be applied in a spousal support modification proceeding is change of circumstances. See Leighner,33 Ohio App.3d at 215. The record supports the trial court's conclusion that appellant failed to demonstrate a substantial change of circumstances which would warrant a modification of the original spousal support award. Consequently, it is not necessary to revisit the issue of need. Therefore, appellant's first assignment of error is not well-taken and is hereby overruled.
In his second assignment of error, appellant contends that the trial court exceeded its authority by ordering him to pay child support because he is the residential parent and legal custodian of the parties' minor children fifty percent of the time. As with appellant's first assignment of error, we find that the issue raised in appellant's second assignment of error is res judicata. This issue was previously raised and decided by this court. See Fallang (Feb. 26, 1996), Butler App. No. CA95-06-011, unreported; Fallang (Apr. 17, 1995), Butler App. No. CA94-04-086, unreported.[2] Accordingly, appellant's second assignment of error is overruled.
In his third assignment of error, appellant contends that the trial court erred by failing to complete a child support calculation sheet. After carefully reviewing the record, we find that the trial court completed a child support worksheet as required by R.C. 3113.215 on January 22, 1997. Appellant's third assignment of error is therefore rendered moot and is overruled.
In his fourth assignment of error, appellant contends that the trial court erred by failing to include a sufficient factual basis in its decision denying his motion to reduce child and spousal support. Based upon a careful review of the trial court's decision filed on July 16, 1996, we find that the decision contains sufficient facts to support the conclusion that appellant had failed to demonstrate a substantial change in the parties' circumstances. Appellant's fourth assignment of error is overruled.
In his fifth assignment of error, appellant contends that the trial court's decision is not supported by the manifest weight of the evidence. The trial court's decision is supported by the evidence contained in the record and contains a sufficient factual basis. Accordingly, we find that the trial court's decision is supported by competent, credible evidence and is not against the manifest weight of the evidence. See Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Appellant's fifth assignment of error is overruled.
In his sixth assignment of error, appellant contends that the trial court erred by excluding spousal support received by appellee as income to her in order to calculate the parties' child support obligations. Appellant argues that spousal support from all sources must be included in gross income. This court has held that spousal support received by one spouse should not be included as gross income to that spouse for purposes of calculating child support. See Goffinet v. Goffinet (Jan. 22, 1996), Butler App. Nos. CA94-11-097, CA95-02-028, unreported. See, also, Matrka v. Matrka (1995), 100 Ohio App.3d 161, 165. Accordingly, appellant's sixth assignment of error is not well-taken and is overruled.
In his seventh assignment of error, appellant contends that documents obtained by fraud are not admissible. Appellant seems to argue that he was required to produce his tax returns in the absence of a subpoena from appellee's counsel requesting them.
The record indicates that appellee's counsel filed a subpoena duces tecum requesting appellant to provide information regarding his income and expenses, including records of all income earned and tax returns from his business. Appellant brought only the first page of his tax returns to the hearing. Nevertheless, the trial court permitted appellant to leave the courtroom in order to retrieve the returns in their entirety and appellant did so. We have thoroughly reviewed the record and find that there is simply no evidence whatsoever that the documents requested and produced by appellant were obtained by fraudulent means. Appellant's seventh assignment of error is overruled.
In sum, we find no error in the trial court's decision denying appellant's motion to reduce his child and spousal support obligations. See Cole, 70 Ohio App.3d at 191; Leighner,33 Ohio App.3d at 215.
The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Butler County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
YOUNG, P.J., KOEHLER and POWELL, JJ., concur.
[1] We note that because appellant chose to place his appeal on the accelerated calendar, our decision with respect to each assignment of error may be brief and conclusory. See App.R. 11.1.
[2] Contrary to appellant's assertion, the trial court is obligated to order one party to pay child support in accordance with the statutory child support guidelines in shared parenting situations unless application of the guidelines would be unjust or inappropriate to the children. See R.C. 3113.215(B)(6); Martin v. Martin (1993), 66 Ohio St.3d 110, 114 ("the amount of child support under the child support guidelines should not be less simply because the child is the subject of a joint custody plan rather than a split or sole custody decree"). Furthermore, we note that pursuant to the trial court's January 16, 1997 judgment entry, the trial court reduced appellant's child support obligation by twenty-five percent in light of the parties' shared parenting plan.