[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Elias Mabjish has appealed from the decree of divorce entered February 16, 2001. His first assignment of error, alleging that the trial court improperly computed his income for purposes of calculating child and spousal support, is overruled.
At the time the support order was entered, R.C. 3113.215(A)(2)[1]
provided that, for purposes of determining a parent's child-support obligation, the parent's "gross income" included "self-generated income." Further, R.C. 3113.215(A)(3) and (4)(a) provided as follows:
 "Self-generated income" means gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts. "Self-generated income" includes expense reimbursements or in-kind payments received by a parent from self-employment, the operation of a business, or rents, including, but not limited to, company cars, free housing, reimbursed meals, and other benefits, if the reimbursements are significant and reduce personal living expenses.
 "Ordinary and necessary business expenses incurred in generating gross receipts" means actual cash items expended by the parent or the parent's business and includes depreciation expenses of replacement business equipment as shown on the books of a corporate entity.
 The broad statutory definition of gross income is intended to include all "self-generated income" from a closely held corporation less ordinary and necessary expenses in generating gross receipts. See Zeefe v. Zeefe (1998), 125 Ohio App.3d 600, 709 N.E.2d 208; Baus v. Baus (1991), 72 Ohio App.3d 781, 596 N.E.2d 509. It is an abuse of discretion for the trial court, in calculating a parent's gross income, merely to consider the tax returns of the parent and his business without examining the business and personal records to determine the parent's actual benefit from the business. See id; Bowen v. Thomas (1995), 102 Ohio App.3d 196, 656 N.E.2d 1328. In order to prevent avoidance of a child-support obligation, the court must review the circumstances to determine whether a parent has withdrawn benefits from a business for living expenses or other personal use. See Sizemore v. Sizemore (1991), 77 Ohio App.3d 733, 603 N.E.2d 1032; Rientjes v. Rientjes (Oct. 18, 1995), Hamilton App. No. C-940787, unreported.
It is clear in this case that Elias Mabjish used the funds from his business to pay his personal expenses and obligations. Such expenditures were not for the purpose of generating gross receipts for the business. To the extent that Mabjish used business receipts to meet his personal expenses and obligations, they were properly included in his income for purposes of calculating his child support. The trial court did not abuse its discretion in calculating child support. See Booth v. Booth (1989),44 Ohio St.3d 142, 541 N.E.2d 1028.
Further, in determining the amount of spousal support, the trial court correctly considered the R.C. 3105.18 factors. The court simply chose to disbelieve Elias Mabjish's testimony, which it was free to do. See Statev. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
The second assignment of error, which alleges that the trial court erred in its division of the marital property, is overruled. In Biskerv. Bisker (1994), 69 Ohio St.3d 608, 609, 635 N.E.2d 308, 309, the Ohio Supreme Court stated,
 A trial court is vested with broad discretion when fashioning its division of marital property. Berish v. Berish (1982), 69 Ohio St.2d 318, 432 N.E.2d 183. However, a trial court's discretion is not unbridled. The award need not be equal, but it must be equitable. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. A reviewing court will not substitute its judgment for that of the trial court unless the trial court's decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 A trial court does not abuse its discretion in making a division of marital property if there is some competent, credible evidence to support its decision. See Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 696 N.E.2d 575; Ross v. Ross (1980), 64 Ohio St.2d 203, 414 N.E.2d 426.
Following a review of the record, we hold that the trial court did not abuse its discretion in dividing the marital property. We point out that Elias Mabjish admitted that he had attempted to conceal his condominium in Northern Kentucky from his wife. In addition, his testimony about the disappearance of his wife's jewelry was less than credible. A spouse's lack of credibility regarding the assets and liabilities of the marriage can be a basis for an unequal property division. See Glick v. Glick
(1999), 133 Ohio App.3d 821, 729 N.E.2d 1244; Mays v. Mays (Oct. 12, 2001), Miami App. No. 2000-CA-54, unreported. The trial court has discretion to compensate one spouse for the financial misconduct of the other. Huener v. Huener (1996), 110 Ohio App.3d 322, 674 N.E.2d 389;Seybert v. Seybert (Dec. 14, 2001), Trumbull App. No. 99-T-0119, unreported; Garish v. Garish (Mar. 18, 1998), Franklin App. No. 97APF06-813, unreported. We find no error in the trial court's division of property.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.
[1] R.C. 3113.215 was repealed effective March 22, 2001. The effective statutes are now R.C. 3119.01 et seq.