OPINION
{¶ 1} Roy Posadny appeals from the trial court's decision and judgment entry recalculating his child support obligation under R.C. Chapter 3119. In his sole assignment of error, he contends the trial court erred by failing to apply the provisions of Chapter 3119 to determine his monthly child support obligation prior to the statute's effective date.
 {¶ 2} The record reflects that Mr. Posadny and his former wife, Stacy Posadny, participated in divorce proceedings before a magistrate in the fall of 2000. On October 23, 2000, the magistrate filed a decision resolving issues of child custody, child support, and spousal support. In so doing, the magistrate set Mr. Posadny's spousal support obligation at $500 per month. The magistrate also determined that his child support obligation was $359 per month for each of the couple's two children. The trial court subsequently overruled Mr. Posadny's objections and filed a final decree of divorce.
 {¶ 3} Mr. Posadny filed a timely appeal, arguing, inter alia, that in setting his child support obligation, the $500 per month that he pays as spousal support must be excluded from his annual income and included in Ms. Posadny's annual income. Upon review, we found this argument to be persuasive. In a February 22, 2002, opinion, we held that R.C. Chapter 3119, which was enacted after the magistrate's decision but before the trial court's decision and final judgment entry, requires the foregoing adjustment to the parties' respective annual incomes. Accordingly, we reversed the trial court's judgment with respect to the award of child support and remanded the cause for a recalculation of child support in accordance with R.C. Chapter 3119.
 {¶ 4} On remand, the magistrate addressed the recalculation issue in an August 26, 2002, decision. Therein, the magistrate properly subtracted Mr. Posadny's annual spousal support obligation from his income and added that amount to Ms. Posadny's income. After making this adjustment, the magistrate recalculated Mr. Posadny's child support obligation at $313 per month, per child. The magistrate made this reduced child support obligation effective March 22, 2001, which was the effective date of the relevant portion of R.C. Chapter 3119. In so doing, the magistrate reasoned that Mr. Posadny's child support obligation was properly calculated prior to March 22, 2001, under then-existing R.C. § 3113.215, which did not permit the adjustment now required by R.C. Chapter 3119.
 {¶ 5} Mr. Posadny again filed an objection, arguing that his child support obligation should have been reduced to $313 per month effective November 1, 2000, which was the effective date of the trial court's original child support order. In other words, Mr. Posadny contends that the new provisions of R.C. Chapter 3119 should have applied prior to the effective date of the statute. Although the trial court did find Mr. Posadny entitled to a credit for overpaid child support, it appears to have rejected this specific objection. In an October 18, 2002, decision and judgment entry, the trial court found that the magistrate "properly recalculated the child support, thus decreasing child support effective the date of the legislative change."
 {¶ 6} In his sole assignment of error, Mr. Posadny insists that the trial court erred in failing to decrease his child support effective November 1, 2000 (the effective date of his original child support order), rather than March 22, 2001 (the effective date of the relevant portion of R.C. Chapter 3119). In a one-page argument, Mr. Posadny cites our February 22, 2000, opinion in this matter and suggests that we ordered his child support obligation to be reduced effective November 1, 2000.
 {¶ 7} Upon review, we find Mr. Posadny's argument to be without merit. Nothing in our prior ruling indicates that the trial court was required to reduce his child support obligation effective November 1, 2000. In our February 22, 2002, opinion, we merely recognized that Mr. Posadny was entitled to have his $500 per month spousal support obligation deducted from his annual income and included in Ms. Posadny's annual income for purposes of computing his child support obligation. We did not address the specific issue now before us, namely whether the adjustment required by R.C. Chapter 3119 applies to child support obligations incurred prior to the statute's effective date.
 {¶ 8} In his appellate brief, Mr. Posadny makes no legal argument concerning the applicability of R.C. Chapter 3119 to child support obligations incurred prior to the statute's effective date. In any event, the trial court properly made his reduced child support obligation effective March 22, 2001. Prior to that date, the applicable statute, R.C. § 3113.215(A)(2), did not permit spousal support paid by an obligor to be excluded from his or her annual income and included in the spousal support obligee's annual income for purposes of computing child support.[1] Although R.C. Chapter 3119 now provides otherwise, we find nothing to suggest that the Ohio legislature intended its provisions to apply to child support obligations incurred prior to its March 22, 2001, effective date. "[A]bsent a clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only." State v. LaSalle, 96 Ohio St.3d 178, 181,2002-Ohio-4009. Accordingly, we overrule Mr. Posadny's assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
WOLFF, J., and GRADY, J., concur.
[1] See, e.g., Weddell v. Weddell (June 29, 1994), Montgomery App. No. 14274; Hubin v. Hubin (June 30, 2000), Franklin App. No. 99AP-1156;Matrika v. Matrika (1995), 100 Ohio App.3d 161, 165; Paulus v. Paulus
(1994), 95 Ohio App.3d 612, 615-616; Parzynski v. Parzynski (1992),85 Ohio App.3d 423, 434-435.